## VAN AMERINGEN–HAEBLER, Inc., v. HELVERING.

### No. 31.

Circuit Court of Appeals, Second Circuit.

Dec. 28, 1942.

Before L. HAND, SWAN and CHASE, Circuit Judges.

John F. Condon, Jr., and Rogers & Condon, all of New York City (Jack M. Evans, of New York City, of counsel), for petitioner.

Muriel S. Paul, Sp. Asst. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key and Helen R. Carloss, Sp. Assts. to Atty. Gen., for respondent.

PER CURIAM.

■ The Commissioner asks that the case be remanded to the Tax Court in order that it may be reconsidered in the light of the § 501(a) of the Revenue Act of 1942, 26 U.S.C.A. Int.Rev.Acts, which amended § 14(a) (2) and § 26(c) of the Revenue Act of 1936, and added subdivisions (f) and (g) to § 26 of that Act; § 501 (b) of the Act of 1942 having made these changes retroactive. Since the whole case was tried upon the assumption that the taxpayer's liability depended upon the law as it stood before 1942, it is obviously appropriate, if not necessary, that it should be heard anew. Indeed, it might be argued that this course was logically inevitable if we sit to correct errors, for the Tax Court's order was right when it was made. Be that as it may, every consideration of equity demands that it should be heard at a time when the controlling law is known to the parties.

■ It is nevertheless appropriate for us to consider the correctness of the order as of the time of its entry; and as to that we have no doubt. The provision in the mortgage did not "expressly" or otherwise forbid the payment of dividends upon the preferred shares, and § 26(c) (1) for that reason was not an excuse. It is true that, because it was bound to make the amortization payments the company could not pay any dividend on the preferred shares without exposing itself to the risk of foreclosure. It was indeed a great hardship to tax it on the theory that it withheld a distribution which practically it could not make; but it was no greater a hardship than that imposed upon the taxpayer in Helvering v. Northwest Steel Mills, 311 U.S. 46, 61 S.Ct. 109, 85 L.Ed. 29. The truth is that the excuses allowed did not go far enough to confine the statute to its real purpose, as to some extent Congress has now belatedly recognized in the Act of 1942. We do not suggest that that recognition will relieve the taxpayer here; we leave that question entirely open; but we do say that it has nothing else upon which to rely. We need say no more as to § 26(c) (2) than to refer to our discussion of that section in Helvering v. Magnus Beck Brewing Company, 2 Cir., 132 F.2d 379.

The order will be reversed and the cause remanded to the Tax Court for reconsideration in accordance with the foregoing.

Order reversed.